REAVLEY, Circuit Judge,
concurring:
I must accept this decision as consistent with the precedent of this circuit. The panel in Callejo plainly said that “the question of whether there was a direct effect in the United States can be resolved without reference to the place of payment. Since the Callejos were located in the United States, the effects of Bancomer’s breach were inevitably felt by those there.”[1]
The Supreme Court’s opinion in Weltover does not overrule our precedent. The plaintiffs were not American companies and the Court repeated the statement that “an effect is ‘direct’ if it follows ‘as an immediate consequence of the defendant’s ... activity.’ ”[2]
My own reading of the statute would be that a consequential loss, the result and not an element of the claim itself, is less than “direct.” If the mere financial loss resulting from the breach or tort satisfies the statute, an American plaintiff need prove only commercial activity. Perhaps that was the intent of Congress, but I agree with the other circuits. As the Tenth Circuit said in United World Trade, Inc. v. Mangyshlakneft Oil Production Association:
Nor is the fact that UWT is an American corporation that suffered a financial loss sufficient to place the direct effect of the defendant’s actions “in the United States.” Appellant would have us interpret § 1605(a)(2) in a manner that would give the district courts jurisdiction over virtually any suit arising out of an overseas transaction in which an American citizen any suit arising out of an overseas transaction in which an American citizen claims to have suffered a loss from the acts of a foreign state. We think that the language of § 1605(a)(2) limiting jurisdiction to cases where there is a “direct effect” in the United States makes it unlikely that this was Congress’ intent.[3]
Other circuits are in accord with the Tenth. In Antares Aircraft v. Federal Republic of Nigeria, the Second Circuit found that although a contractual provision designating the United States as the place of performance may be sufficient to create jurisdiction, Nigeria’s wrongful detention in Nigeria of an American corporate plaintiffs plane and demand for the plaintiff to make payments to various accounts, including a bank account in California, is insufficient for the “direct effect” exception.[4] The Antares court was looking for a legally significant act in the United States in order to grant jurisdiction. Similarly, in Goodman Holdings v. Rafidain Bank, the D.C. Circuit Court determined that the foreign bank’s failure to hon- or a letter of credit was not a “direct effect” because no United States location was designated as the place of performance.[5] That court based its conclusion, in part, on the fact that payment in the United States was not a contractual requirement, but merely at the request of the beneficiary to the letter of credit. Further, Judge Wald’s concurrence only pointed out that the involvement of the New York bank might as well have been by customary practice, whether or not the contract specified payment there.

.764 F.2d at 1111-12.

. 504 U.S. at 618, 112 S.Ct. at 2168.

. 33 F.3d 1232, 1239.

. 999 F.2d 33 (2d Cir.1993).

. 26 F.3d 1143, 1147 (D.C.Cir.1994). *902 947 F.Supp. at 1124 (footnote and citation omitted).